# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MING GWO YU,** | * |
| Plaintiff, | * |
| v. | * Case No. RWT 15-cv-2534 |
| **RAJ S. SINGH,** *et al.*, | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

On August 27, 2015, Plaintiff filed a Complaint in this Court against four defendants alleging fraud, money laundering, bribery, violation of immigration laws, and a myriad of other accusations based on circumstances surrounding Plaintiff's divorce from his ex-wife, who is also a defendant. ECF No. 1. On October 5, 2015, Defendant Raj Singh, an attorney who represented Plaintiff's ex-wife in connection with divorce proceedings and immigration matters, filed a Motion to Dismiss. ECF No. 6. Plaintiff failed to respond to the Motion to Dismiss until November 9, 2015, at which time he filed a document with the Court claiming that Singh's motion violated federal and local rules. ECF No. 16. In the meantime, Plaintiff filed several Motions for Order of Default and for Judgment by Default against the remaining defendants. ECF Nos. 9, 10, 11. Singh's Motion to Dismiss will be granted, the Complaint will be dismissed with prejudice, all of Plaintiff's Motions for Default will be denied, and Plaintiff will be required to show cause why this Court should not enforce sanctions against him for his vexatious filings that lack any legal basis.

## DISCUSSION

### I. RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case, *see Erickson v. Pardus*, 551 U.S. 89 (2007).

Even if Plaintiff's Complaint is construed liberally, it cannot survive a motion to dismiss because the claims are barred by *res judicata* and collateral estoppel. The doctrine of *res judicata* prohibits parties from re-litigating issues that have been resolved by courts of competent jurisdiction. *San Remo Hotel, L.P. v. City & County of S.F.,* 545 U.S. 323, 336 (2005). Preclusion from re-litigating issues on the grounds of *res judicata* prohibits parties from re-litigating issues that arise out of the same cause of action. *Puschel v. United States,* 369 F.3d 345, 355 (4th Cir. 2004). Cases arise out of the same cause of action when "the suits and the claims asserted therein arise out of the same transaction or series of transaction or the same core of operative facts." *Id.* (citing *In re Varat Enters., Inc.,* 81 F.3d 1310, 1316 (4th Cir. 1996). Maryland courts have traditionally applied the "same evidence test" to determine if two suits involve the same cause of action. *Snell v. Mayor of Havre de Grace,* 837 F.2d 173, 175 (1988). Under this test, the second suit is barred if the evidence necessary to

support a verdict for the plaintiff would have been sufficient to sustain a judgment for the plaintiff in the first suit. *Id.*

The doctrine of *res judicata* also precludes parties from re-litigating issues that could have been raised in a previous action. *See San Remo Hotel,* 545 U.S. 323, 336 n. 16 (2005). Once a court has decided an issue of fact or law necessary to its judgment, the grounds of collateral estoppel preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Under Maryland law, collateral estoppel "applies when: (1) the issue decided in the prior adjudication is identical to the issue in the present action, (2) there was a prior final judgment on the merits, and (3) the party against whom the decision is being used was a party in the prior action." *Id.* at 794 n. 23 (citing *O'Reilly v. Cnty. Bd. of Appeals,* 900 F.2d 789, 791 (4th Cir. 1990)).

Plaintiff filed a lawsuit against Singh in 2013 in the Circuit Court for Montgomery County, Maryland based on a domestic altercation that resulted in Plaintiff's arrest for felony assault and use of funds from a joint marital bank account. ECF No. 6-2. The case was dismissed with prejudice after full briefing and oral argument. ECF No. 6-4. On April 14, 2015, the Court of Special Appeals of Maryland affirmed the dismissal with prejudice. ECF No. 6-5. The current lawsuit is based upon the same facts and circumstances previously raised before the state court. ECF No. 1. As a result, Plaintiff is clearly barred from bringing suit against Singh, who was a party in the Maryland case. He is also barred from bringing this suit against the remaining Defendants, who he attempts to cast as conspirators in a money-laundering scheme, because the claims arise from the same facts and circumstances as the Maryland case, for which there was a final judgment on the merits against Plaintiff. Accordingly, Plaintiff's Complaint will be dismissed with prejudice.

## II. IMPROPER SERVICE OF PROCESS

The Federal Rules do not provide for service by mail but permit service in accordance with state law. Fed. R. Civ. P. 4(e)(1). The Maryland Rules provide that a plaintiff may serve process on an individual by certified mail with restricted delivery and a return receipt stating to whom process is delivered and the date and address of delivery. Md. Rule 2–121(a)(3). Service by certified mail under this Rule is complete upon delivery. Md. Rule 2-121.

Plaintiff attempted to perfect service upon Defendants by certified mail, restricted delivery. Service was invalid, however, because the return receipts were not signed by the Defendants. ECF No. 5 at 2, 5; ECF No. 8 at 6, 8; *see* Md. Rule 2-124. "Pro se status ... is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Tann v. Fisher,* 276 F.R.D. 190, 193 (D. Md. 2011) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Accordingly, Plaintiff's Motions for Clerk's Entry of Default will be denied. ECF Nos. 9, 10, 11.

## III. SANCTIONS

Plaintiff will be required to show cause as to why sanctions are not appropriate under Federal Rule of Civil Procedure 11(c)(3) or under this Court's inherent authority. *See Chambers v. NASCO,* 501 U.S. 32, 45–46 (1991). As long as a court first issues a show cause order against the party proposed to be sanctioned, Rule 11(c) allows a court to impose a monetary sanction on its own when a party brings a claim for "any improper purpose, such as to harass" or one that is not warranted by existing law or by a nonfrivolous argument for changing

current law or establishing new law.[1]  Further, federal courts retain inherent authority to sanction parties that have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46 (quoting " *Alyeska Pipeline Service Co. v. Wilderness* Society, 421 U.S. 240, 258–259 (1975).  Where a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party." *Id.* (citations omitted).

Plaintiff was clearly precluded from bringing his claims under the doctrines of r*es judicata* and collateral estoppel, suggesting that his purpose in bringing this suit was improper and done in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*.  He has repeatedly brought the same re-hashed claims, wasting the time and resources of the state and federal judiciary, and without any legal basis.  He will be directed to show cause why he should not be sanctioned for this behavior.

## **CONCLUSION**

For the foregoing reasons, Singh's Motion to Dismiss will be granted, the Complaint will be dismissed with prejudice as to all defendants, Plaintiff's Motions for Default will be denied, and Plaintiff will be required to show cause why this Court should not enforce sanctions against him.  A separate Order follows.

Date:  November 18, 2015                                         /s/
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Analogous provisions are contained in Maryland Rule 1-341 (if a court finds in a civil action that the "conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the cost of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.").